# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:25-CR-0568-S |
| | § | |
| MICHAEL PATRICK PELLETT | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Michael Patrick Pellett's Motion to Dismiss Count 1 of the Indictment ("Motion") [ECF No. 19]. Having reviewed the Motion, the Government's Response ("Response") [ECF No. 23], and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

In 2008, Defendant was convicted of Committing or Attempting a Lewd Act on a Minor in South Carolina. Mot. 5-6; Resp. 1. Then, in 2020, Defendant was convicted of Third-Degree Sexual Exploitation of a Minor in South Carolina. Mot. 1; Resp. 2. In relation to his 2020 conviction, Defendant admitted to collecting "pornographic pictures of minors . . . for financial gain." Resp. 3.

On December 17, 2025, Defendant was charged with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250. *See* Indictment [ECF No. 1]. Defendant moves to dismiss the Indictment, arguing that his prior conviction of Committing or Attempting a Lewd Act on a Minor only has a 15-year registration requirement and his prior conviction of Third-Degree Sexual Exploitation of a Minor does not have a registration requirement at all.

## II. LEGAL STANDARD

An individual violates 18 U.S.C. § 2250 if they (1) are required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), (2) travel in interstate commerce, and (3) knowingly fail to register or update a registration as required by SORNA. *United States v. Navarro*, 54 F.4th 268, 273 (5th Cir. 2022). An individual has a duty to register as a sex offender if they were convicted of a sex offense that is "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A)(ii). A specified offense against a minor includes, among other things, an offense that involves "[a]ny conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I).

## III. ANALYSIS

Defendant only challenges the first element of 18 U.S.C. § 2250—the requirement to register as a sex offender under SORNA. The Government concedes that Defendant was no longer required to register as a sex offender for his prior 2008 conviction of Committing or Attempting a Lewd Act on a Minor at the time of his arrest for the instant offense. *See* Resp. 1. Thus, the Court will only analyze whether Defendant's prior conviction of Third-Degree Sexual Exploitation of a Minor requires him to register as a sex offender under SORNA.

Defendant argues that Third-Degree Sexual Exploitation of a Minor is not a specified offense against a minor because the elements do not involve any of the enumerated items under 34 U.S.C. § 20911(7), including "[a]ny conduct that by its nature is a sex offense against a minor." Defendant argues that the Court should use a categorical approach and only consider the elements of the predicate offense. Mot. 3-4. On the other hand, the Government argues for a non-categorical approach, which allows the Court to consider the conduct underlying the offense. Resp. 3. While the Fifth Circuit has not clarified which method applies, the Court finds that Defendant's prior

conviction of Third-Degree Sexual Exploitation of a Minor is a specified offense against a minor under both approaches. *See United States v. Schofield*, 802 F.3d 722, 729 (5th Cir. 2015) (declining to decide which approach applies, even though circuit precedent "tend[s] to favor the application of the non-categorical approach," because the defendant's offense was a sex offense under both approaches).

"Under a categorical approach to '[a]ny conduct that by its nature is a sex offense against a minor,' [the Court] must determine whether [Defendant's] offense of conviction includes two elements: (1) the victim is a minor and (2) the conduct is sexual in nature." *Id.* The elements of Third-Degree Sexual Exploitation of a Minor include possession of "material that contains a visual representation of a minor . . . engaging in sexual activity." S.C. CODE ANN. § 16-15-410(A) (2026); *see Hendricks v. Cohen*, No. 3:08-2445 DCN, 2009 WL 2461246, at *4 (D.S.C. Aug. 11, 2009). The elements involve a minor victim and conduct that is sexual in nature. Accordingly, Third-Degree Sexual Exploitation of a Minor involves "conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I), and it is a specified offense against a minor under the categorical approach.

Under the non-categorical approach, the Court considers the conduct underlying Defendant's conviction of Third-Degree Sexual Exploitation of a Minor. Defendant admitted to collecting "pornographic pictures of minors." Resp. 3. Thus, his offense involves "conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I); *see Schofield*, 802 F.3d at 729 ("[T]he key is conduct that contains a 'sexual component' toward a minor" (citation omitted)), and it is a specified offense against a minor under the non-categorical approach. Because Third-Degree Sexual Exploitation of a Minor is a specified offense against a minor under both approaches, Defendant is required to register as a sex offender under SORNA.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Count 1 of the Indictment [ECF No. 19].

**SO ORDERED.**

SIGNED October 13, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**